UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NO. 3:02-CV-702 (EBB)

| | |
|---|---|
| PRECIOUS BANKOLE,<br>    Petitioner<br><br>v.<br><br>IMMIGRATION AND NATURALIZATION<br>SERVICE, et al.<br>    Respondents | **PETITIONER'S<br>MOTION FOR STAY OF<br>EXECUTION OF<br>REMOVAL** |

  Petitioner, Precious Bankole (hereinafter, Petitioner), through undersigned counsel, respectfully moves for an emergency order staying her removal, pending final disposition of Petitioner's appeal to the United States Court of Appeals for the Second Circuit from the District Court's December 5, 2003 Ruling on Remand of Petition For Habeas Corpus. (See attached Exhibit A: Petitioner's Notice of Appeal).

  In support of the instant motion, Petitioner states that her appeal of the District Court's December 5, 2003 decision is non-frivolous. See Biancada v. Turnage, 883 F.2d 836 (9th Cir. 1989)(where a stay is sought to permit petitioner to seek judicial review of a claim that is non-frivolous, the stay should be granted); See, also, Anderson v. McElroy, 953 F.2d 803 (2nd Cir. 1992)(Board of

Immigration Appeals abused its discretion in denying request for stay where stay was sought to reopen Board of Immigration Appeals proceedings); <u>Butros v. INS</u>, 804 F.Supp. 1336 (D.Ore. 1991).

In further support of this motion, Petitioner asserts that the United States District Court has jurisdiction to allow Petitioner's instant Motion for Stay of Execution of Removal, since this Court has habeas jurisdiction in this matter. <u>See</u> Kurzban's Immigration Law Sourcebook, 8th Ed. (American Immigration Law Foundation 2002-03), p.284, *citing* <u>Wallace v. Reno</u>, 194 F.3d 279 (1st Cir. 1999)("the INS takes the view that INA, sec. 242(g), 8 U.S.C., sec. 1252(g), as interpreted by <u>Reno v. American-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 119 S.Ct. 936 (1999), bars any action in federal court to stay the deportation/removal of a noncitizen. (citations omitted) However, <u>where the [federal] court has habeas jurisdiction to review deportability, its ancillary jurisdiction to stay deportation pending that review is not barred</u> by INA, sec. 242(g), or <u>American-Arab</u> [,][<u>supra</u>].")(emphasis added); <u>See, also, Barefoot v. Estelle</u>, 697 F.2d 593 (5th Cir. 1983)(it is responsibility of Court of Appeals to decide merits of motion for stay of execution pending processing of habeas appeal); <u>See, also, Remeta v. Stovall</u>, 998

2

F.Supp. 1207 (D.Kan. 1998)(<u>when district court receives motion for stay</u> of execution <u>in petitioner's first federal habeas corpus case, if court cannot dismiss habeas petition on merits</u> before scheduled execution, <u>it is obligated to</u> address merits and <u>issue stay to prevent case from becoming moot</u>)(emphasis added).

Thus, for the foregoing reasons, Petitioner respectfully requests that this honorable court allow Petitioner's instant Motion for Stay of Execution of Removal pending final disposition of Petitioner's appeal of the District Court's December 5, 2003 decision.

                      Respectfully Submitted,
                      Precious Bankole,
                      Petitioner,
                      By her attorney,

Dated: 2/3/04

                      Jeffrey B. Rubin, Esq.
                      BBO#: 640964
                      Law Offices of Jeffrey B. Rubin, P.C.
                      175 Federal Street
                      Suite 509
                      Boston, MA 02110
                      (617) 367-0077

## **CERTIFICATE OF SERVICE**

I, Jeffrey B. Rubin of 175 Federal Street, Suite 509, Boston, Massachusetts, 02110, certify that I have served a true copy of the within to the:

> United States Attorney's Office
> Bridgeport Office
> 915 LaFayette Blvd
> Room 309
> Bridgeport, CT 06604
> Attention: Assistant United States Attorney James K. Filan, Jr.

By first class mail, postage prepaid on this 6th day of January, 2004.

*[signature]*
Jeffrey B. Rubin