CERTIFIED COPY    (Rev. 7/98)

# United States District Court
## Northern District of Illinois
## Eastern Division

I, Michael W. Dobbins, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document(s) is(are) a full, true, and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF: I have hereunto subscribed my name and affixed the seal of the foresaid court at Chicago, Illinois, on   DEC 0 3 2004

MICHAEL W. DOBBINS, CLERK

By: *Mary A. Singleton*
Deputy Clerk

**FILED MAY 21 2004**
JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED MAY 19 2004**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | No. 01 CR 103 |
| | ) | Hon. Matthew F. Kennelly |
| FEMI JOHNSON | ) | |

**DOCKETED MAY 24 2004**

NOTICE OF FILING

To: Andrea Gambino
53 W. Jackson
Suite 926
Chicago, IL 60604

Keri A. Ambrosio
53 W. Jackson
Suite 926
Chicago, IL 60604

Please take notice that on the 19th day of May, 2004 I filed with the Clerk of this Court, **NATIONAL DRUG LAW ENFORCEMENT AGENCY AFFIDAVIT**, service of the government's motion which is being made upon you.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY: _____
GABRIEL FUENTES
Assistant United States Attorney
219 South Dearborn - 5TH Floor
Chicago, Illinois 60604
(312) 886-7649

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

Barbara J. Buckner, being first duly sworn on oath deposes and says that she is employed in the Office of the United States Attorney for the Northern District of Illinois; and that on the 19th day of May, 2004 she placed a copy of the foregoing Notice, together with a copy of the above-described motion, in an envelope in the United States mail located in the United States Courthouse, Chicago, Illinois, on said date.

_____
SUBSCRIBED and SWORN to before me
this 19th day of May, 2004

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Lucille Moore
Notary Public, State of Illinois
My Commission Exp. 07/11/2005

200

## COMMENTS ON THE NATIONAL DRUG LAW ENFORCEMENT AGENCY (AMENDMENT) DECREE 1990 (I.E. DECREE NO. 33)

This Decree was promulgated by the then Federal Military Government of Nigeria. It was an amendment to Decree 48 of 1989, the main Decree which established the National Drug Law Enforcement Agency (NDLEA).

The Amendment Decree seeks to make it an offence for any Nigerian found guilty in any foreign Country of an offence involving narcotic drugs or psychotropic substances.

The offence created by the Amendment Decree is **"Bringing the name Nigeria into disrepute"**, and is punishable by 5 years imprisonment without option of fine. It also provides for the forfeiture of person's assets and properties upon conviction in Nigeria.

### JUSTIFICATION FOR THE ENACTMENT

The Decree was promulgated as a child of necessity by the then Military regime in 1990, after having assessed the damage the drug deal had inflicted on the reputation, economy and political image of the Country especially in the eyes of the international community.

However, the Decree was not promulgated without consultation with the people of Nigeria. It was in this regard that prior to the enactment, a Conference was held at the Nigerian Law School auditorium involving the Federal Ministry of Justice, the Nigerian Bar Association, representatives of Nigeria's business community, market women and several key organs in the country to deliberate on how to deal drastically with the menace of drug deals especially by Nigerians abroad, which was then a great problem to Nigeria (source: "Narcotics and Law in Nigeria" publication by Federal Ministry of Justice 1990).

1

It was during that period and prior, that Nigerians were 'specially' treated abroad especially at ports of entry where Nigerians, regardless of their status were separated like goats from the sheep from other passengers and extraordinarily screened. This trend continued to cause wanton embarrassments on the citizenry especially the innocent majority.

Indeed, it is trite that a drastic problem requires a drastic solution. It was therefore held at the end of deliberations at the above conference, that the activities of drug dealers who have continued to bring shame, odium and embarrassment to the Country and its citizens in foreign lands ought to be curtailed immediately before the image of the Nation is completely destroyed. Hence the promulgation of the Amendment Decree to adequately tackle the aforesaid problem and which provision was not earlier made in the NDLEA enabling Law of 1989.

## EXISTING LAW

With the advent of Democracy and operation of the 1999 Nigerian Constitution, Decree 33 was not repealed but became recognized as an existing law in accordance with Section 315 of the Constitution. It is therefore now deemed as an Act of the National Assembly and is an operative law. The National Assembly has not up till now repealed it.

## WHETHER CONSTITUTES DOUBLE JEOPARDY

The issue whether Decree 33 of 1990 constitutes double jeopardy has been tested and tried in the Nigerian Federal High Court in two separate cases.

In **Charge No. FHC/L/215$^c$/2000** the Federal High Court held that the Decree did not constitute double jeopardy as the elements of both offenses are not the same, while in **Charge No. FHC/L/26$^c$/2001** another Federal High Court held that it did. Both decisions have been appealed against before the Court of Appeal and are yet to be decided.

2

The Law therefore remains recondite having not been clearly decided by both lower courts by reason of the two conflicting rulings, moreover the Court of Appeal is yet to decide the Appeals before it in order to clarify the position of the law. Even then, the Court of Appeal is not the final court of decision but the Supreme Court.

## **PROSECUTION UNDER DECREE 33 IN RECENT TIMES**

Apart from the issue of double jeopardy, criticisms of Decree 33 had been persistent from many European Countries. These Countries on several occasions have refused to repatriate convicted Nigerian drug traffickers on grounds of Decree 33. Since 1999 when Nigeria started to operate Democratic Government, there have been a lot of arguments against Decree 33 and the Courts have been giving low sentences such as 2 months or 3 months imprisonment to convey their objection to Decree 33.

The combined effects of the above have made the prosecution of repatriated Nigerians unattractive. Only **10** repatriated Nigerians were prosecuted between January and 31st of March 2003 and their cases are still pending in Court with no conviction. Since then no deportee has been prosecuted.

The decision to prosecute is exercised by the Director of Prosecution and Legal Services of NDLEA but it is not a decision based on selection of some people for prosecution and others not for prosecution. The decision not to prosecute has been enjoyed by all those repatriated in recent past starting from 1st April, 2003.

**FEMI OLORUNTOBA ESQ.**
Director of Prosecution & Legal Services
National Drug Law Enforcement Agency
No. 4 Shaw Road, Ikoyi
Lagos – Nigeria.

CERTIFIED TRUE COPY
NATIONAL DRUG LAW
ENFORCEMENT AGENCY
DATE 5/5/04

3