# MANDATE

CTDC(nhct)

02 cv 702

Burns

2005 JUN 13 P 2: 53

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

U.S.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 23rd day of March, two thousand and five.

PRESENT:

> HON. CHESTER J. STRAUB,
> HON. RICHARD C. WESLEY,
> > *Circuit Judges, and*
> HON. WILLIAM K. SESSIONS, III,
> > *Chief District Judge.*[1]



---

PRECIOUS BANKOLE,

> *Petitioner-Appellant,*

> v.

IMMIGRATION AND NATURALIZATION SERVICE,

> *Respondent-Appellee.*

**SUMMARY ORDER**
No. 04-0832-pr

---

| | |
|---|---|
| Appearing for Petitioner-Appellant: | Jeffery B. Rubin, Jeffery B. Rubin, P.C., Boston, MA |
| Appearing for Respondent-Appellee: | James K. Filan, Jr., Assistant United States Attorney for the District of Connecticut (Kevin J. O'Connor, |

---

[1]The Honorable William K. Sessions, III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

ISSUED AS MANDATE: JUN 17 - 2005

*Bankole v. INS*
No. 04-0832-pr
Page 2

United States Attorney, on the brief; Sandra S.
Glover, Assistant United States Attorney, of
counsel), Bridgeport, CT

Appeal from the United States District Court for the District of Connecticut (Ellen B. Burns,
*Judge*).

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY
ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby
**AFFIRMED**.

Petitioner-Appellant Precious Bankole, a native and citizen of Nigeria, appeals from a

final order entered in the District of Connecticut (Ellen B. Burns, *Judge*) denying Bankole's

petition for a writ of habeas corpus and for a hearing under Section 212(h) of the Immigration

and Nationality Act ("INA"). On appeal, Ms. Bankole argues that the District Court erred in

finding that she would not be subject to imprisonment and torture upon her return to Nigeria.

Ms. Bankole also argues that the District Court erred in not extending the holding of *Beharry v.*

*Reno*, 183 F. Supp. 2d 584 (E.D.N.Y. 2002), to her case. We assume the parties' familiarity with

the facts, decisions and records below, submissions of the parties in the matter as present, and

issues on appeal.

When reviewing a district court's denial of a habeas petition brought pursuant to 28

U.S.C. § 2241, this Court reviews the merits of the habeas petition *de novo*. *See Wang v.*

*Ashcroft*, 320 F.3d 130, 139-40 (2d Cir. 2003) (citing *Kuhali v. Reno*, 266 F.3d 93, 99 (2d Cir.

2001)). This court has not yet enunciated "the precise standard to adopt for reviewing a BIA's

*Bankole v. INS*
No. 04-0832-pr
Page 3

application of law to fact pursuant to a § 2241 petition." *Wang,* 320 F.3d at 143. Because we

find no error in the BIA's final decision, even if our review is *de novo,* we need not here address

the proper standard of review. To the extent the District Court's own fact findings are

challenged, this Court reviews the District Court's fact findings for clear error. *Zervos v. Verizon*

*New York, Inc.,* 252 F.3d 163, 168 (2d Cir. 2001).

For an alien to obtain protection under Article 3 of the United Nations Convention

Against Torture, it must appear that, if returned to her country, she more likely than not would be

tortured by, or with the acquiescence of, government officials acting under color of law. *Wang,*

320 F.3d at 133-34; 8 C.F.R. §§ 208.16(c), 208.17(a), 208.18(a). As to Ms. Bankole's potential

imprisonment in Nigeria, we agree with the District Court that Ms. Bankole has not met her

burden in proving "more likely than not" that she will be imprisoned and tortured under Nigerian

Decree 33 for a drug offense. 8 C.F.R. § 208.16(c)(2). Ms. Bankole was convicted of money

laundering, and has presented no evidence to suggest that Nigerian authorities would interpret her

money laundering charge as a drug offense. Without such evidence, Ms. Bankole provides no

basis for finding that she will be imprisoned and tortured upon her return to Nigeria.

We also agree with the District Court's holding that Ms. Bankole is not entitled to a

Section 212(h) hearing. *See* 8 U.S.C. § 1182(h). Even assuming the reasoning of the district

court in *Beharry v. Reno* was still good law, Ms. Bankole's case here does not fall within the

holding of *Beharry* since it is clear that her crime of money laundering was an aggravated felony

under the laws in place at the time her offense was committed. Even going back to the 1991

version of the 8 U.S.C. § 1101(a)(43), Bankole's offense of money laundering is defined as an

*Bankole v. INS*
No. 04-0832-pr
Page 4

aggravated felony because she received a sentence of 63 months. 8 U.S.C. § 1101(a)(43) (Supp.

II 1991).

      For the reasons set forth above, the judgment of the District Court is hereby

**AFFIRMED.**

               FOR THE COURT:

               ROSEANN B. MACKECHNIE, CLERK

               *Lucille Carr*        3/23/05

      BY:                             DATE:


A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK